UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MMMMM DP, LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:20-cv-00867-SEP |
| | ) |
| THE CINCINNATI INSURANCE CO., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Remand Case to State Court.  Doc. [13].  The motion is fully briefed.  For the reasons that follow, the motion is denied.

### FACTS AND BACKGROUND[1]

This is a declaratory judgment action filed by MMMMM DP, LLC, d/b/a Sugo's Spaghetteria, MMMMDP3, d/b/a Babbo's Spaghetteria, and Via Vina Enoteca (collectively "Del Pietro Restaurants") against The Cincinnati Insurance Company, The Cincinnati Casualty Company, The Cincinnati Indemnity Company, and Cincinnati Financial Corporation[2]; St. Louis County (the "County"); Sam Page in his official capacity as the County Executive; and Emily Doucette in her official capacity as Director for the St. Louis County Department of Public Health.[3]  Plaintiffs filed suit in state court on May 6, 2020, under the Missouri Declaratory Judgment Act, seeking a declaration that their loss of business income from complying with the St. Louis County shutdown orders and the uncontrolled spread of COVID-19 is covered under their insurance contract (the "Policy") with Cincinnati Insurance.  Doc. [8] at 10.

The Del Pietro Restaurants are a group of restaurants operating in St. Louis County.[4]  As "on-premises dining facilities," they "make substantially all of their money from dine-in

---

[1] The facts contained herein are taken from the allegations set out in Plaintiffs' Complaint.  Doc. [8]. The Court assumes their truth for the purpose of this Memorandum and Order.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009); *Neitzke v. Williams,* 490 U.S. 319, 326-27 (1989).

[2] Defendants The Cincinnati Insurance Company, The Cincinnati Casualty Company, The Cincinnati Indemnity Company, and Cincinnati Financial Corporation will be referred to collectively as "Cincinnati Insurance."

[3] St. Louis County, Sam Page, and Emily Doucette will be referred to collectively as "County Defendants."

[4] The restaurant locations are referred to collectively as the "Insured Premises."

1

customers." Doc. [8] ¶ 5. In March 2020, due to the uncontrolled spread of COVID-19, the County issued several orders ("County Orders") restricting public access to restaurants in St. Louis County, including Plaintiffs' premises. *See* Doc. [8] ¶¶ 21-23. Plaintiffs' Policy with Cincinnati Insurance "covers losses, including business income loss, at the Insured Premises." *Id.* ¶ 10. The Policy is an "all-risk" policy, meaning that it covers all risks unless specifically excluded. *Id.* ¶ 11. Plaintiffs claim this includes losses from the COVID-19 virus and County Orders. *Id.* ¶ 12.

Plaintiffs allege that their loss of business income and extra expenses incurred as a result of the pandemic and the County Orders are covered under multiple provisions of the Policy. First, Plaintiffs allege coverage under Sections A(5)(b)(1) and (2), which cover "actual loss of business income and extra expenses incurred due to the necessary suspension of operations caused by any covered loss to the Insured Premises." *Id.* ¶ 13. Plaintiffs contend the inability to use the Insured Premises for their intended purpose and the COVID-19 virus itself both constitute direct physical damage and physical loss. *Id.* ¶ 25.

Second, Plaintiffs allege coverage under Section A(5)(b)(3), which, they claim,

> expressly covers actual loss of business income and necessary extra expenses incurred by action of civil authority where (1) a covered loss (which includes viruses and pandemics) causes damage to property other than the Insured Premises, (2) access to the Insured Premises is prohibited by civil authority as a result of the order, (3) access to the area surrounding the damaged property is prohibited by civil authority as a result of the damage, and (4) such action of civil authority is in response to dangerous physical conditions resulting from the damage or continuation of the covered loss that caused the damage.

Doc. [8] ¶ 14. Plaintiffs allege that the County Orders are actions of civil authority, bringing all losses resulting from the shutdown of the Insured Premises under the coverage of Section A(5)(b)(3).

In April 2020, Plaintiffs made a claim for their lost business income and extra expenses due under the Policy, but Cincinnati Insurance refused to pay. *Id.* ¶ 28-29. Plaintiffs therefore seek the following relief:

> (a) For a declaration that the St. Louis County shutdown orders described above constitute a forced suspension of operations of and prohibition of access to the Insured Premises;

2

>    (b) For a declaration that the shutdown orders and uncontrolled spread of COVID-19 Virus triggers coverage under the Policy;
>
>    (c) For a declaration that Cincinnati Insurance is obligated to pay the full and actual amount of Plaintiff's lost business income and extra expenses incurred;
>
>    (d) For Plaintiffs' reasonable attorney's fees and costs
>
>    (e) For any other relief this Court deems appropriate.

*Id.* at 10.

Cincinnati Insurance removed this action invoking this Court's diversity jurisdiction. Doc. [1]; *see* 28 U.S.C. § 1332(a)(1).  Plaintiffs moved to remand for lack of complete diversity because Plaintiffs and the County Defendants are citizens of Missouri.  Doc. [13].

## LEGAL STANDARD

Federal district courts have original jurisdiction over all civil actions "between citizens of different States . . . where the matter in controversy exceeds $75,000." 28 U.S.C. § 1332.  A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).  When there are multiple plaintiffs and multiple defendants, "a federal court does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 403 (8th Cir. 1977).  But if the "'nondiverse' plaintiff is not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored for determining jurisdiction." *Id.* at 403-04.  "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

When a defendant is joined solely to destroy diversity, "that joinder is fraudulent and will not prevent removal." *Seoul Taco Holdings, LLC v. Cincinnati Ins. Co.*, 2020 WL 7389388, at *1 (E.D. Mo. Dec. 16, 2020); *see Brown v. Progressive Premier Ins. Co. of Ill*, 2018 WL 4144760, at *2 (E.D. Mo. Aug. 29, 2018) ("Fraudulent joinder of a non-diverse party does not prevent removal.") (citing *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983)). "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). "It is well established that if it is clear under governing state law that the complaint does

3

not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Wolfe v. Stookey*, 2007 WL 2409748, at *1 (E.D. Mo. Aug. 20, 2007) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). "Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." *Wright Constr. Servs., Inc. v. Liberty Mut. Ins. Co.*, 2018 WL 3458703, at *2 (E.D. Mo. July 17, 2018) (quoting *Filla*, 336 F.3d at 810). A defendant seeking removal bears the burden of proving that the claim against the diversity-destroying defendant has "no reasonable basis in fact and law." *Id.* (quoting *Wiles*, 280 F.3d at 871).

## DISCUSSION

There is no dispute as to the citizenship of the parties to this case. Plaintiffs, the Del Pietro Restaurants, are all citizens of Missouri, and the Cincinnati Insurance Defendants are all citizens of Ohio. The parties further agree that the County Defendants are citizens of Missouri, who, if properly joined, would "destroy diversity and prevent removal." Doc. [1] ¶ 9. The only disputed question is whether the County Defendants were fraudulently joined in order to deprive this Court of jurisdiction.

Plaintiffs contend that Cincinnati Insurance has failed to carry its burden of showing fraudulent joinder. Doc. [14] at 4; *see also Seoul Taco*, 2020 WL 7389388, at *1 ("The removing party alleging fraudulent joinder bears the burden of proving the alleged fraud.") (citing *Manning v. Wal-Mart Stores E., Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004)). The Missouri Declaratory Judgment Act (the "Act") requires joinder of "all persons" who

> have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard . . . .

Mo. Rev. Stat. § 527.110. Plaintiffs' contention is that the County Defendants "have a direct interest in the interpretation and application of the shutdown orders they implemented and thus are necessary parties to this action under § 527.110 and Mo. R. Civ. P. 87.04." Doc. [22] at 2; *see* Doc. [13] ¶ 2. "One of the fundamental issues in this dispute," they argue, "is whether and how the shutdown orders apply to Plaintiffs' restaurants, which will necessarily require [this Court] to interpret the orders." Doc. [14] at 5. And because that interpretation will "have precedential effect" as to these and similar future orders, Plaintiffs claim, County Defendants

4

"have 'an interest that would be affected by the declaration' interpreting and applying the shutdown orders." *Id.* (quoting Mo. Rev. Stat. § 527.110).

Cincinnati Insurance counters that the County Defendants are, at most, nominal parties, as Plaintiffs seek no relief from them and raise no actual controversy about the scope or application of the County Orders. Doc. [21] at 5.

Cincinnati Insurance has the better of the argument. Plaintiffs "mischaracterize their own lawsuit" by alleging that it involves an interpretation of the County Orders. *Seoul Taco,* 2020 WL 7389388, at *4. In their Petition, Plaintiffs describe the "actual controversy" as follows:

> Specifically, Plaintiffs contend, and Cincinnati Insurance disputes, that: (1) the St. Louis County shutdown orders described above constitute a forced suspension of operations and prohibition of access to the Insured Premises; (2) the shutdown orders and uncontrolled spread of the COVID-19 Virus in St. Louis County triggers coverage because the Policy does not exclude damages caused by viral pandemics, and actually extends coverage for such loss or damage under the business suspension and civil authority provisions of the Policy; and (3) Cincinnati Insurance is obligated to pay the full and actual amount of Plaintiffs' loss of business income and extra expenses incurred during the periods of coverage under the Policy.

Doc. [8] ¶ 33. By Plaintiffs' own description, then, the question in this case is not the validity or scope of the County Orders but rather whether the Del Pietro Restaurants' losses resulting from the County Orders qualify as covered losses under the Policy with Cincinnati Insurance. Plaintiffs are asking this Court to interpret and apply their contract with Cincinnati Insurance, not the County Orders. Doc. [14] at 2; Doc. [21] at 5. As such, the County Defendants have no "interest which would be affected by the declaration" Plaintiffs seek. Mo. Rev. Stat. § 527.110.

The Court finds that the County Defendants have "no real connection with the controversy." *Seoul Taco*, 2020 WL 7389388, at *4 (quoting *Knudsen v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011)). No cause of action exists against the County Defendants on the face of Plaintiff's Petition. *See Anderson*, 724 F.2d at 84 ("Fraudulent joinder exists if, on the face of plaintiff's state court pleading, no cause of action lies against the resident defendant.").

Because they were fraudulently joined, Defendants St. Louis County, Page, and Doucette will be dismissed from the present action. *See Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 2031 (8th Cir. 2012) ("The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the

5

imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims."). As a result, there is complete diversity of citizenship, and this Court does have subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. [13]) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants St. Louis County, Sam Page, and Emily Doucette are dismissed from this action.

**IT IS FINALLY ORDERED** that Plaintiffs shall file a response to the Motion to Dismiss (Doc. [11]) filed by Defendants Cincinnati Financial Corporation, The Cincinnati Casualty Company, The Cincinnati Indemnity Company, and The Cincinnati Insurance Company no later than fourteen (14) days from the date of this Order.

Dated this 4th day of February, 2021.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE